**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROBERT R. HILL, :
: Civil Action No. 05-6031 (GEB)
      Plaintiff, :
:
      v. : **OPINION**
:
OCEAN COUNTY JAIL COMPLEX, :
et al., :
:
      Defendants. :

**APPEARANCES:**

    Robert R. Hill, Plaintiff pro se
    T0873
    Ocean County Jail
    120 Hooper Avenue
    Toms River, NJ 08754

**BROWN, JR.**, Chief Judge

    Plaintiff Robert R. Hill, currently confined at the Ocean County Justice Facility, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis and order the Clerk of the Court to file the Complaint.

    At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or

malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint will be dismissed for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## BACKGROUND

Plaintiff states that from about 9:00 p.m. on August 17, 2005, until 7:30 a.m. on August 19, 2005, the dorm of his jail was locked down. During this time, he was not able to shower, use the phone, or partake in recreational activities. He argues that this is a violation of his constitutional rights, and he asks for monetary relief.

## DISCUSSION

### A. Standard of Review

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

B. **Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

> injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

C.  **Plaintiff's Claim Will Be Dismissed.**

Here, it is unclear whether Plaintiff is a pretrial detainee or a convicted inmate. Thus, the Court construes Plaintiff's claim as asserting a conditions of confinement claim under either the Due Process Clause of the Fourteenth Amendment, or the Eighth Amendment proscription against cruel and unusual punishments.

Pretrial detainees conditions of confinement claims are analyzed under the Due Process Clause. See Hubbard v. Taylor, 399 F.3d 150 (3d Cir. 2005); see also Fuentes v. Wagner, 206 F.3d 335, 341 n.9 (3d Cir. 2000). Analysis of whether such a detainee has been deprived of liberty without due process is governed by the standards set out by the Supreme Court in Bell v. Wolfish, 441 U.S. 520 (1979); see also Fuentes, 206 F.3d at 341-42. In Bell, the Supreme Court explained, "In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation

4

of liberty without due process of law, we think that the proper inquiry is whether those conditions amount to punishment of the detainee." 441 U.S. at 535-39 (citations omitted). The Court further explained that the government has legitimate interests that stem from its need to maintain security and order at the detention facility. "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial." 441 U.S. at 540. Retribution and deterrence, however, are not legitimate nonpunitive governmental objectives. See id. at 539 n.20. Nor are grossly exaggerated responses to genuine security considerations. See id. at 539 n.20, 561-62.

The Eighth Amendment proscription against cruel and unusual punishment applies to convicted prisoners and is violated by the "unnecessary and wanton infliction of pain contrary to contemporary standards of decency." Helling v. McKinney, 509 U.S. 25, 32 (1993). It is well settled that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Id. at 31.

A plaintiff may satisfy the objective component of a conditions-of-confinement claim if he can show that the

conditions alleged, either alone or in combination, deprive him of "the minimal civilized measure of life's necessities," such as adequate food, clothing, shelter, sanitation, medical care, and personal safety. See Rhodes v. Chapman, 452 U.S. 337, 347-48 (1981); Young v. Quinlan, 960 F.2d 351, 364 (3d Cir. 1992). However, while the Eighth Amendment directs that convicted prisoners not be subjected to cruel and unusual punishment, "the Constitution does not mandate comfortable prisons." Rhodes, 452 U.S. at 349. To the extent that certain conditions are only "restrictive" or "harsh," they are merely part of the penalty that criminal offenders pay for their offenses against society. Id. at 347. An inmate may fulfill the subjective element of such a claim by demonstrating that prison officials knew of such substandard conditions and "acted or failed to act with deliberate indifference to a substantial risk of harm to inmate health or safety." Ingalls v. Florio, 968 F. Supp. 193, 198 (D.N.J. 1997).

Here, Plaintiff has failed to allege facts indicating either a violation of the Due Process Clause, or the Eighth Amendment. A short-term lock-down (here, less than two days) does not deprive an inmate of "the minimal civilized measure of life's necessities." Although visits and phone use were suspended, Plaintiff does not allege that he suffered isolation of a sort that would rise to the level of a constitutional violation.

Plaintiff alleges no serious injury resulting from the inability to shower, make phone calls, or partake in recreation for this short period of time. Cf. Liles v. Camden County Dept. of Corrections, 225 F. Supp.2d 450, 461 (D.N.J. 2002) ("Lockdown periods of less than thirty days ... generally do not violate the Eighth Amendment.") (citations omitted).[1]

## CONCLUSION

For the reasons set forth above, the Complaint will be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim. An appropriate order follows.

GARRETT E. BROWN, JR., Chief Judge
United States District Court

Dated: 3/31/06

---

[1] Furthermore, the Court notes that Ocean County Jail Complex is not a proper defendant, as jail facilities are not "persons" for purposes of § 1983. See Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989); Mitchell v. Chester County Farms Prison, 426 F. Supp. 271, 274 (D.C. Pa. 1976). The only other named defendant is Ocean County. Plaintiff seeks to improperly assert liability against this defendant pursuant to a theory of respondeat superior, stating that the County "backs up the decisions and policies of the jail." However, local government units and supervisors are not liable under § 1983 solely on a theory of respondeat superior. See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. New York City Department of Social Services, 436 U.S. 658, 690-91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); Natale v. Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 2003).